IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROBERT DALTON,                          )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )  Civ. No. 08-581-SLR
                                        )
CITY OF WILMINGTON,                     )
                                        )
        Defendants.                     )

## MEMORANDUM ORDER

At Wilmington this 16th day of October, 2008, having screened the case pursuant to

28 U.S.C. § 1915;

IT IS ORDERED that the complaint is dismissed for failure to state a claim upon

which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B), for the reasons that

follow:

1. **Background**.  Plaintiff Robert Dalton ("plaintiff") filed this lawsuit pursuant to

42 U.S.C. § 1983 and § 1985.  Plaintiff was found guilty of two sections of the

Wilmington City Code.  He alleges the findings of guilt were a direct and proximate result

of defendant's negligence.  More particularly, he alleges that defendant was negligent

when it failed to:  (1) inform him of the current law concerning work permits, (2)

acknowledge that he is a well respected citizen, (3) make a recommendation where

plaintiff could find a certified, bonded mason, and (4) make sure plaintiff had accurate

information.

2. **Standard of Review**.  When a litigant proceeds in forma pauperis, 28 U.S.C.

§ 1915 provides for dismissal under certain circumstances.  Section 1915(e)(2)(B)

provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3.  In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).  The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8.

4.  A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).  Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief.

2

*Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

5. **Discussion**. Negligence claims are not properly included in a civil rights action under 42 U.S.C. § 1983. *Daniels v. Williams,* 474 U.S. 327, 332 (1986); *see Paul v. Davis*, 424 U.S. 693, 701 (1976) ("We have previously rejected reasoning that 'would make the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States.'"); *Kwasnik v. LeBlon,* 228 Fed. Appx. 238 (3d Cir. 2007). The negligence claim is not cognizable under § 1983 and, therefore, the complaint is dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

6. **Conclusion**. Based upon the foregoing analysis, the complaint is dismissed for failure to state a claim upon which relief may be granted and as frivolous pursuant to

28 U.S.C. § 1915(e)(2)(B).  Amendment of the complaint would be futile.  *See Alston v. Parker,* 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

_____
UNITED STATES DISTRICT JUDGE